**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ABHISHEK ABHISHEK,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-26-221-SLP** |
| | ) |
| **RUSSELL HOLT, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## REPORT AND RECOMMENDATION

Petitioner Abhishek Abhishek, a noncitizen[1] and Indian national proceeding with

counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under

28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE").

United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate

Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  Doc. 3.  The undersigned set an

expedited briefing schedule, Doc. 6, and the Petition is at issue.  For the reasons set forth

below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and

order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)

within five business days or otherwise to release him if there is no hearing within that time.

## I.    Background

Petitioner, a citizen of India, entered the United States on June 30, 2019.  Pet. at 19;

Doc. 1-1 at 2.  On July 1, 2019, ICE placed Petitioner into removal proceedings before the

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'"  *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear ("NTA") and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Pet. at 19; Doc. 1-1 at 2 (July 2019 NTA); Resp. at 11. On August 19, 2019, Petitioner was ordered detained pursuant to 8 U.S.C. § 1226, and he requested review of his custody determination by an immigration judge ("IJ"). Doc. 1-2 at 2; Resp. at 11. The Department of Homeland Security ("DHS") issued an "updated" NTA to Petitioner on October 17, 2019, charging him as a noncitizen present in the United States lacking valid documentation.[2] Resp. at 11-12; Doc. 8-1 at 1 (October 2019 NTA). DHS issued an arrest warrant for Petitioner that same day. Resp. at 12, Doc. 8-3 at 1. In December 2019, an IJ granted Petitioner's release on $5,000 bond after a custody re-determination hearing. Resp. at 12, Doc. 8-5. In June 2020, Petitioner filed an Application for Asylum and for Withholding of Removal. Pet. at 19; Resp. at 12; Doc. 8-6.

On January 21, 2026, ICE re-detained Petitioner during a routine commercial truck inspection. Pet. at 19; Resp. at 12. ICE re-detained him pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 12. Petitioner was denied release from custody because all IJs

---

[2] Respondents assert the October NTA was issued after officials "discovered that Petitioner had presented a false date of birth to appear younger when he was first encountered." Resp. at 11. However, other than the discrepancy of birth dates between the July 2019 NTA and October 2019 NTA, no evidence suggests a misrepresentation. Moreover, the July 2019 NTA charged Petitioner as removable under 8 U.S.C. § 1182(a)(6)(a)(i) (present without admission or parole generally), Doc. 1-1 at 2, while the charge on the October 2019 NTA is under 8 U.S.C. § 1182(a)(7)(A)(i)(1) (document requirements), Doc. 8-1 at 4. Neither cites 8 U.S.C. § 1182(a)(6)(C) (misrepresentation) as an allegation for inadmissibility. In any event, the record is clear DHS released Petitioner on bond in December 2019.

are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds that those who entered the country without admission or parole are ineligible for a bond hearing.  Pet. at 8.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  *Id*. at 9.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Mar. 16, 2026).

## II.    Petitioner's Claims

Petitioner asserts two counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").**  Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to those, like him, who previously entered the country and have been residing in the United States before being apprehended and placed in removal proceedings.  Pet. at 20.

- **Count II: Violation of Due Process**.  Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his right to due process and that Respondents revoked his previous release in an arbitrary manner, which violates his right to procedural due process.  *Id*. at 21-22.

He asks the Court to "issue a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five days."  Pet. at 22.  Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[3]  *Id*.

---

[3] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment.  28 U.S.C. § 2412(d)(1)(B).  Thus, the Court need not address this request at this juncture.

### III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.    Analysis

#### A.    Section 1226(a) applies to Petitioner's detention.[4]

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a."  If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the

---

[4] Respondents assert that if the Court determines Petitioner should be treated as detained under § 1226(a), then under § 1226(e) this Court lacks jurisdiction to review the revocation of his "erroneously issued" 2019 bond.  Resp. at 35 n.3.  Section 1226(e) does not, however, deprive the Court of jurisdiction over constitutional claims or questions of law concerning the statutory basis for detention.  *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026); s*ee also Sin Johal v. Bondi*, No. CIV-25-1408-J, 2026 WL 517529, at *2 (W.D. Okla. Feb. 25, 2026) (adopting the Magistrate Judge's recommendation that § 1226(e) does not strip the court of jurisdiction to determine whether a bond hearing is "legally erroneous or unconstitutional").

other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner argues he is being held in violation of the INA and § 1225(b)(2) does not apply to him because he had "previously entered and [is] now residing in the United States." Pet. at 9. Petitioner contends § 1226(a) "expressly applies to people who, like [him] are charged as inadmissible for having entered the United States without inspection." *Id*. According to Petitioner, his detention under § 1225(b)(2) is "contrary to the statutory framework and contrary to decades of agency practice" and he is entitled to a bond hearing under § 1226(a). *Id.* Respondents contend Petitioner is an "applicant for admission" and therefore properly detained under § 1225(b)(2)(A). Resp. at 12. Further, Respondents claim (1) § 1225(b)(2)(A) is not limited only to noncitizens "arriving" in the United States and applies to those noncitizens who have been in the United States for over two years, and (2) applicants for admission must be seeking admission. *Id.* at 15-30.

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the undersigned recommends the Court grant the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

5

First, the INA limits the scope of the terms "applicant for admission" and, in particular, "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens living in the United States when detained. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025). If all "applicants for admission" are also "seeking admission," then § 1225(b)(2)(A)'s inclusion of the phrase "seeking admission" would be redundant and superfluous. *Lopez*, 2026 WL 165490, at *4. The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified). Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

6

Finally, this Court, Chief Judge DeGiusti, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[5]  *See Norboev v. Lyons*, No. CIV-26-107-SLP, 2026 WL 497800, at *2 (W.D. Okla. Feb. 23, 2026) (finding § 1226(a) governs a similarly situated petitioner's detention and "join[ing] the decision reached by the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner").  This Court has found the plain language, legislative history, and past immigration practices all support a finding that "Petitioner's detention is not governed by §1225(b)(2)."  *Lopez*, 2026 WL 165490, at *7.  The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A).[6]  This conclusion is also in accord with the

---

[5] *See, e.g., Lopez*, 2026 WL 165490, at *7; *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez*, 2025 WL 3709021, at *3; *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025); *Urbina Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at *4 (W.D. Okla. Dec. 8, 2025). Two Judges in the District have applied § 1225(b)(2)(A).  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (finding "§ 1225 unambiguously applies to" a similarly situated petitioner); *Alvarado Montoya*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025) (finding "§ 1225 unambiguously deems [p]etitioner an 'applicant for admission' who is 'seeking admission'").

[6] This conclusion is further supported by the fact Petitioner was detained and later released on a $5,000 bond under § 1226 in December 2019.  Resp. at 12; Doc. 8-5 at 1; *see, e.g.*, *Bello Chacon v. Hermosillo*, No. 25-CV-02299, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025) (finding petitioner's prior release under § 1226 indicates he "was—and continues to be—subject to discretionary detention under § 1226").

Seventh Circuit, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). *But see Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (agreeing with Respondents' interpretation).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.

**B.      The Court should decline to address Petitioner's due process claim.**

Petitioner also argues his continued detention without a bond hearing violates his rights to due process. Pet. at 20-23. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of the due process claim based on his continued detention. *See, e.g.*, *Colin*, 2025 WL 3645176, at *6 n.3 (declining to decide the merits of Petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

**V.      <u>Recommendation and Notice of Right to Object</u>**

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned

further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **March 23, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **March 26, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 16th day of March, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

9